IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DELEON MAY,**

      **Petitioner,**

v.                                                     **Case No. 1:23-cv-00217**

**WARDEN ROKOSKY;
ACTING WARDEN LEFEVER,**

      **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, as moot, and this action be removed from the docket of the Court.

**I.**    **Relevant History**

On February 13, 2023, Petitioner Deleon May ("May") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. (ECF No. 1). At the time the petition was docketed, May was incarcerated in Federal Correctional Institution ("FCI") McDowell, located at Welch, West Virginia in the Southern District of West Virginia. Therefore, the case was

1

transferred to this district on March 20, 2023, was assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge for findings of fact and recommendations for disposition. (ECF Nos. 2, 3, 4). On March 22, 2023, the undersigned entered an Order directing May to pay the requisite $5.00 filing fee, or submit to the Court an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 5). May was given thirty days to complete this task and was advised that a failure to comply with the Order might result in a recommendation of dismissal for failure to prosecute. (*Id.*). According to the docket sheet, May received the Order, but did not pay the fee or submit an Application.

Although May failed to comply with Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts—which applies to petitions filed under § 2241—the Court has conducted a preliminary review of the petition pursuant to Rule 4 of those Rules. *See* Rule 1, Rules Governing Section 2254 Cases in the United States District Courts (holding that the district court may apply "any or all" of the § 2254 Rules to habeas corpus petitions not brought under § 2254). In the petition, May challenges his eligibility status to have earned time credits awarded under the First Step Act applied to his sentence. (ECF No. 1 at 5). May claims that the Federal Bureau of Prisons ("BOP") staff at FCI McDowell have erroneously denied him earned time credits in contravention of a memorandum issued by the BOP. (*Id.*). May asks the Court to order the BOP staff at FCI McDowell to apply the earned time credits to his sentence as directed by the memorandum. As part of the initial review, the undersigned has consulted the BOP inmate locator website to determine the status of May's incarceration and has learned that May was released from BOP custody on February 24, 2023. *See* www.bop.gov/inmate/loc/ (last accessed May 4, 2023).

2

**II.     Discussion**

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement. *Id*. Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th

3

Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy.

May requested the application of earned time credits against his sentence; thus, leading to an expedited release from custody. According to the BOP inmate locator, May has since been released from BOP custody. Consequently, May has effectively received the relief he requested in his petition, rendering his petition moot and subject to dismissal. Even if May overserved the custodial portion of his sentence due to a delay in the application of earned time credits, and has a term of supervised release remaining, this Court can provide no meaningful relief, as a term of supervised release cannot be reduced by excess time served in prison. *See Jones v. Bolster,* 850 Fed. Appx. 839 (4th Cir. 2021) (citing *United States v. Jackson,* 952 F.3d 492, 498 (4th Cir. 2020)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a

petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)).

Neither exception applies in this instance. May does not challenge his conviction or his sentence; rather, he claims that he was deprived of First Step Act credits due to the BOP's erroneous interpretation of a memorandum. Where a petitioner elects only to challenge the execution of his sentence and not the validity of the conviction or sentence, collateral consequences are irrelevant. *Lane v. Williams,* 455 U.S. 624, 631, (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that May will be returned to federal custody and face the same alleged wrong. Mere speculation is not sufficient to meet this mootness exception. *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, the undersigned **FINDS** that (1) Petitioner's release from custody renders his habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

### III.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**, as moot, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** May 4, 2023

Cheryl A. Eifert
United States Magistrate Judge